IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ISAIAH WILSON, JR., as Personal<br>Representative of the Estate of<br>Jerone Wilson; and<br>THELMA S. FIGGS, as<br>Personal Representative of the Estate of<br>Robert A. Figgs, Sr., | ) ) ) ) ) ) ) | Civil Action No.: 5:22-cv-00316-M-RJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| GLANZER FLOYD JOLLY;<br>ANTHONY TAYLOR;<br>PETER OPTEKAR;<br>RONNIE BROPHY;<br>DENNIS PETERSON;<br>SILAS ROLLINS; and<br>DONALD STRINGFELLOW, | ) ) ) ) ) ) ) ) | Civil Action No.: 5:22-cv-00317-M-RN |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RONNIE MANNS, | ) ) | Civil Action No.: 7:22-cv-00136-M-RJ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

DONALD STRINGFELLOW, on behalf of )
himself and all others similarly situated )  Civil Action No.: 7:22-cv-00145-M-KS
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
        Defendant.                        )


ELIZABETH S. AKERS, as Personal           )
Representative of the Estate of PAUL C.   )  Civil Action No.: 7:22-cv-00154-M-RJ
AKERS,                                    )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
        Defendant.                        )

## ORDER ON MOTIONS TO CONSOLIDATE

These matters come before the court on the joint motions for consolidation filed by the

parties in the above-captioned cases [DE 11, 13, 10, 14, and 9, respectively].[1]   The motions are

DENIED with respect to the requests for consolidation.

The United States further argues that Plaintiffs have not complied with the administrative

exhaustion requirement in the Camp Lejeune Justice Act of 2022, Pub. L. No. 117-168, § 804(h),

136 Stat. 1802 (2022) ("CLJA" or "Act"), which provides that "[a]n individual may not bring an

action under this section before complying with section 2675 of title 28, United States Code."

---

[1] The motions include a caption for Case No. 7:22-cv-00150-M-BM, but no motion is currently
pending in that case.

Considering the timing of the Plaintiffs' lawsuits, it is possible that the United States is correct. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993). Therefore, on or before October 25, 2022, the Plaintiffs shall file with the court copies of documents and/or testimony demonstrating their compliance with section 804(h) of the CLJA, including the date on which each Plaintiff submitted a claim under 28 U.S.C. § 2675 and the CLJA and the date on which the United States denied relief under section 804(h).

To further assist the court with its determination whether these actions should be dismissed without prejudice for failure to exhaust administrative remedies, the Plaintiffs in each case may file on or before October 25, 2022, a brief no longer than ten pages explaining how filing an administrative claim under 28 U.S.C. § 2675 before the CLJA became law complies with the Act's administrative exhaustion requirement in section 804(h). The United States shall respond in a brief no longer than ten pages in each case on or before November 8, 2022, and the Plaintiffs may file a reply brief in each case no longer than three pages on or before November 15, 2022.

SO ORDERED this _____4th_____ day of October, 2022.


RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3